NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| URSULA WILLIAMS, | Civil Action No. 18-8769 (SRC) |
| Plaintiff, | |
| | OPINION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Ursula Williams ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning November 1, 2013. A hearing was held before ALJ Douglass Alvarado (the "ALJ") on August 4, 2017, and the ALJ issued an unfavorable decision on October 13, 2017. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of October 13, 2017, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work as an accounts receivable clerk. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ erred at step four by failing to properly weight the opinion of Plaintiff's treating physician; and 2) ) the ALJ erred at step four by failing to properly consider the evidence of medication side effects.

Plaintiff first argues that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician, Dr. Renda. Plaintiff points to a hospital discharge summary, dated November 12, 2013, which contains, *inter alia*, the following discharge instruction: "The patient is advised no lifting more than 10 pounds." (Tr. 302.) The Court need not reach the question of whether the ALJ erred in his weighting of this evidence, because any error cannot be more than harmless. At step four, the ALJ determined that Plaintiff retained the residual functional capacity to perform light work. The ALJ then looked to Plaintiff's past relevant work as an accounts receivable clerk, and found that it required a sedentary level of exertion. The ALJ found that Plaintiff's residual functional capacity was sufficient to allow her to perform this past sedentary work.

The Regulations define sedentary work, in relevant part, as follows: "Sedentary work involves lifting no more than 10 pounds at a time . . ." 20 C.F.R. § 404.1567(a). Thus, even if

2

the ALJ had given controlling weight to Dr. Renda's discharge instruction, he would nonetheless have found that Plaintiff retains the residual functional capacity to perform sedentary work, such as her past relevant work. Even if the ALJ had weighted Dr. Renda's statement exactly as Plaintiff proposes, this would not have changed the outcome of the analysis.

The Supreme Court explained the operation of the harmless error doctrine in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. As to the ALJ's weighting of Dr. Rendas's statement, Plaintiff has not shown that any error was harmful.

Plaintiff next makes three arguments that are variations on the theme that the ALJ erred by failing to properly address the evidence that Plaintiff has nonexertional limitations based on problems with focus and concentration due to medication side effects. In short, Plaintiff points only to the evidence of her testimony at the hearing. At step four, the ALJ did not specifically address nonexertional limitations, but did state generally that Plaintiff's statements about the limiting effects of her symptoms were not entirely consistent with the medical evidence. Plaintiff has not shown any basis to find that the ALJ erred in making this determination. Plaintiff has pointed to no evidence save her own testimony that might establish that medication side effects limit her ability to focus or concentrate. The ALJ therefore did not err in concluding that this subjective complaint (difficulty concentrating due to medication side effects)

3

was not entirely consistent with the medical evidence. Plaintiff has pointed to no medical evidence that supports her subjective complaint. Plaintiff has not shown any error as to the assessment of her focus and concentration.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                              s/ Stanley R. Chesler
                                              STANLEY R. CHESLER, U.S.D.J.

Dated: May 23, 2019